**ENHONG LIN, Petitioner,**

v.

**Peter D. KEISLER, Acting Attorney General,\* Respondent.**

**No. 04–72351.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2007.

Filed Nov. 1, 2007.

Julia L. Osborne, Las Vegas, NV, for Petitioner.

Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, W. FLETCHER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Enhong Lin, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") summary

---

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States. Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**642**

affirmance of an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review an adverse credibility determination for substantial evidence, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility decision, which was based in part on inconsistencies between petitioner's application and testimony regarding monthly visits by government officials and an outstanding warrant for his arrest, inconsistencies between his testimony and documentary evidence regarding when he was terminated from his job, an inconsistency within his testimony as to whether he was in hiding, and implausible testimony regarding events before petitioner's departure from China. *See Wang v. INS,* 352 F.3d 1250, 1257–58 (9th Cir. 2003) (holding discrepancy between testimony and termination notice supported adverse credibility finding); *Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003) (holding inconsistency between application and testimony and omission of pivotal event from application supported adverse credibility finding); *Chebchoub,* 257 F.3d at 1043 (holding inconsistencies within testimony that relate to the basis of petitioner's alleged fear support adverse credibility finding); *Singh–Kaur v. INS,* 183 F.3d 1147, 1152–53 (9th Cir.1999) (holding implausible testimony supported adverse credibility finding).

Because petitioner failed to demonstrate that he is eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Petitioner's contention that the BIA's summary affirmance violates his due process rights is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–52 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**